FLACHSKAMM et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

No. 1,013.

1. CRIMINAL LAW—INSTRUCTIONS—VARIANCE FROM ISSUES MADE BY INDICTMENT.

An indictment under Rev. St. § 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696], charged the defendants with having devised a scheme to defraud, which they carried out by sending circulars through the mails, intended to cause persons receiving the same to believe that if they would sell certain pieces of jewelry for defendants, and remit therefor the sum of $2, they would receive from defendants, free, three certain described articles, whereas in fact defendants did not intend to give, and did not give, one of said articles, and the other articles sent by them were not as represented, but were practically worthless. Held, that the gist of the scheme charged was to cause persons receiving the circulars to believe therefrom that the three articles named would be sent on receipt of $2, and that it was error to charge the jury that although they should find that the circulars, reasonably construed, only promised the two articles actually sent, yet they might find defendants guilty if such articles were so much different in description and quality from those named in the circulars as to amount to a fraud.

In Error to the District Court of the United States for the Southern District of Illinois.

The plaintiffs in error were indicted in the District Court of the United States, for the Southern District of Illinois, under Section 5480 of the Revised Statutes, as amended by the act of March 2, 1889, c. 393, § 1, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]. The indictment contained three counts in each of which the scheme to defraud upon which the prosecution was based, is de-

scribed as follows: that H. Flachskamm, R. W. Reaves and Cora L. Siegel, late of the city of East St. Louis, in said District, had devised a scheme and artifice to defraud the public generally and divers persons to the Grand Jurors unknown, by causing to be circulated divers circulars and advertisements to the effect following, that is to say,

### "Fur Collarette Free.

Don't pay your good money for a beautiful Fur Collarette, when we are giving them away free to quickly introduce our Jewelry Novelties. This is an honest and strictly straightforward proposition; we want good active lady agents to introduce our Jewelry Novelties, and are willing to pay them liberally for their work. We mean exactly what we say, and every lady who will agree to sell only 8 of our latest pattern 18k. solid Gold Plated and hand Enameled Brooches will receive our generous offer of this beautiful Black Canadian Seal Fur Collarette, with one-half dozen ladies' white Handkerchiefs, Silk Embroidered, and a beautiful Ladies' Pocket Book, all leather, gilt and silver metal front decorated, which we give absolutely FREE for selling 8 of these brooches. We ask no money in advance, if you agree to sell only 8 of these fast-selling Brooches at 25c. each, send name and address and we will mail them postpaid. They sell on sight. When sold send us the $2.00 and we guarantee if you comply with the offer we shall send you with the Handkerchiefs and Pocket Book, this beautiful genuine Black Canadian Seal Fur Collarette will be given absolutely FREE! These handkerchiefs are pure white, pointed, white scalloped edge, 12x12½ floral embroidered in one corner in wash silk. The Pocket Book is all leather, elaborate stampings, nickel frame coin compartment, all around gilt or silver metal front decorated. The Fur Collarette is just as shown in picture; it is made of genuine black Canadian Seal, very stylish for winter wear, but is suitable for evening wear all the year around. Premiums are sent postpaid same day money is received, and we positively guarantee them to be exactly as represented. Address: National Mercantile Co. Dept. 315. East Saint Louis, Illinois."

—thereby intending to cause it to be believed by divers persons to the Grand Jurors unknown, that if any person would sell for the said H. Flachskamm, R. W. Reaves and Cora L. Siegel, doing business under the name and style of The National Mercantile Company, at East St. Louis, Illinois, eight pieces of jewelry described in said circulars and advertisements as being "18k. solid gold plated and hand enameled brooches," for twenty-five cents each, and send to the said H. Flachskamm, R. W. Reaves and Cora L. Siegel, doing business as aforesaid, Two dollars, that the said H. Flachskamm, R. W. Reaves and Cora L. Siegel, doing business as aforesaid, would send to such person or persons to the Grand Jurors unknown, so paying the sum of Two dollars, each one beautiful, black, Canadian seal fur collarette, made of genuine black Canadian seal, and one-half dozen handkerchiefs, pure white, pointed, with scalloped edge, 12x12½ floral embroidered in one corner in wash silk, also one pocket-book in all leather, with elaborate stampings, nickel frame, coin departments, all around gilt or silver metal front decorated, and thereby to induce divers person to the Grand Jurors unknown, to send the sum of Two dollars each to them, the said H. Flachskamm, R. W. Reaves and Cora L. Siegel, by and under the name and style of The National Mercantile Company, in accordance with said circulars and advertisements, whereas, in fact, the articles of jewelry so offered to be sold by such agents were not "18k. solid gold plated and hand enameled brooches," and were a cheap and fraudulent imitation thereof; and whereas, in fact, the said H. Flachskamm, R. W. Reaves and Cora L. Siegel, doing business under the name and style of The National Mercantile Company did not then and there intend to give, and did not give, any fur collarette to the person or persons so sending to them the sum of Two dollars aforesaid, and whereas, in truth, the handkerchiefs specified in said

advertisement and. sent to the person so paying said sum of Two dollars, were not embroidered in one corner in wash silk, and were cheap and almost valueless goods, and whereas, the pocket-book specified in said advertisement and sent to the person so paying said Two dollars as aforesaid, was not made of all leather, and was cheap and almost valueless; which said scheme and artifice was to be effected by opening correspondence &c. No other scheme to defraud is set forth in the indictment.

Among other instructions given to the jury by the court, were the following, which for convenience, are herein paragraphed as one and two:

1. If you believe from the evidence that the advertisement in question was prepared with the intention and for the purpose of defrauding any person, and if you further believe from the evidence that the effect of the publication of that advertisement was to defraud persons, and if you believe from the evidence that the intention in making that publication was to induce people to believe that for Two Dollars they would get a fur collarette and other articles, and that the publication of that advertisement had the effect of causing people to remit Two Dollars to the defendants, The Mercantile Company, named in the indictment, and that that was a fraud, and that such advertisement was reasonably open to the construction given it by such senders or remitters of money, then you will find the defendants guilty.

On the other hand, if you believe from the evidence that the advertisement in question, was reasonably to be construed, as promising certain articles, the handkerchief and the pocket-book for the remittance of Two Dollars, and that it did not reasonably offer anything further, then you will find the defendants not guilty.

The reasonable construction which the ordinary reader into whose hands the advertisement might fall would put upon that advertisement, gentlemen, in my mind, is the basis which must control your verdict in this case.

2. If you believe from the evidence that the advertisement reasonably construed did not offer a fur collarette in consideration of the Two Dollar remittance, but if you further believe from the evidence that it did offer other articles, then you will consider whether the articles given in return for the remittances of Two Dollars, as described in the indictments and as testified to before you, were different in description and quality from the articles named in the advertisement and that such difference in description and quality was so great as to amount to fraud, then you will find the defendants guilty, notwithstanding the fact that you may believe from the evidence that the advertisement in question did not promise the collarette free. Understand me, if you shall find that the advertisement did not reasonably offer the collarette free, but did promise other articles in consideration of the Two Dollar remittance, then you will not find the defendants guilty unless you find that the articles given in exchange for the Two Dollar remittance were so different and so inferior both in quality and description as to amount to fraud.

Exceptions were duly taken by the plaintiffs in error to paragraph two

Chester D. Krum, for plaintiffs in error.

Thomas Worthington, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

After the foregoing statement of facts, GROSSCUP, Circuit Judge. delivered the opinion of the court:

The scheme to defraud, set out in the indictment, was in essence this, that the circular sent out would cause persons to whom it was sent to believe that if they would remit two dollars on account of eight pieces of jewelry sent to them for sale, there would be received in return "one beautiful, black, Canadian seal fur collarette, made of genuine black Canadian seal, and one-half dozen handkerchiefs, pure white, pointed, * * * also one pocket book in all leather, with elaborate stampings, nickel frame, coin departments" &c. The bait thus held out, as set forth in the indictment—and this constitutes the gist of the

scheme averred—was not the fur collarette alone, nor the handkerchiefs alone, nor the pocket book alone, but all of them, considered as an entirety.

The plaintiffs in error were entitled to notice, from the indictment, of just what the claim of the Government was. The claim actually set forth related to the effect that the offer of the three articles would·have upon the mind of the persons approached. The indictment made no claim that the offer of the handkerchiefs alone, would amount to fraud; it might not. Or that the offer of the handkerchiefs and the pocket book would amount to fraud; it might not. But that the offer of the three considered together amounted to fraud. Indeed, it is plain that as a bait to the public, the fur collarette was distinctly and easily the leader.

But instruction two—as above stated—given to the jury, in effect put plaintiffs in error on trial as if such distinctive claims had been separately set forth; or, what is equally erroneous, as if plaintiffs could be tried on any claim irrespective of whether it was set forth or not. For this the judgment must be reversed. It is not the case of a lesser crime within the allegations of a greater. It is the case of a trial upon a state of facts not pleaded in the indictment as a crime at all.

Reversed and remanded with instructions to grant a new trial.